**In re Carol MURPHY.**

**No. 1:09–MC–33.**

United States District Court,
D. Maine.

Feb. 18, 2009.

---

### ORDER

JOHN A. WOODCOCK, JR., Chief Judge.

In little over two years, Carol Murphy, also known as Carol Ann Murphy, has filed seven cases in this Court and two in the United States Court of Claims: (1) *Murphy v. State of Maine*, No. 06–cv–62–MML (*Murphy I*); (2) *Murphy v. Judge Christine Foster*, No. 07–mc–118–DBH (*Murphy II*); (3) *Murphy v. State of Maine*, No. 08–cv–80–DBH (*Murphy III*); (4)

*Murphy v. State of Maine,* No. 08–cv–81–DBH (*Murphy IV*); (5) *Murphy v. The United States Government,* No. 08–cv–343–LJB (*Murphy V*); (6) *Murphy v. The United States Government,* No. 09–21 C (*Murphy VI*); (7) *Murphy v. State of Maine,* No. 09–cv–39–SJM (*Murphy VII*); (8) *Murphy v. State of Maine,* No 09–cv–56 (*Murphy VIII*); and, (9) *Murphy v. Town of Buxton,* No. 09–cv–61 (*Murphy IX*). Ms. Murphy has represented herself in each civil action and each has involved a longstanding dispute between Ms. Murphy and state and municipal officials regarding her treatment of animals.[1] State enforcement actions against Ms. Murphy culminated in a jury trial from March 2–4, 2005 on criminal charges of one count of cruelty to animals and four counts of possession without a permit, which resulted in guilty verdicts on five counts.[2] *Recommended Decision on Mots. to Dismiss Petitions for Writ of Habeas Corpus* at 4, *Murphy III* (Docket #5), *Murphy IV* (Docket #7) (*Rec. Dec.*). She was sentenced to twenty-four hours in jail, fined, ordered to pay restitution, and permanently banned from possessing animals.[3] *Id.* She has not gone quietly. She has repeatedly resorted to federal court alleging a wide array of constitutional violations that she claims have been perpetrated against her as a consequence of state and municipal enforcement actions.

Ms. Murphy's lawsuits can each be characterized as frivolous, prolix, and contentious nonsense. Further, whenever a judge rules against her in any matter, great or small, she tends to threaten to sue or actually sue the judge. In *Murphy I,* Ms. Murphy first demanded that Magistrate Judge Kravchuk and this Judge recuse themselves after they issued rulings unfavorable to her and when they refused, she impleaded both judges as party defendants, thereby securing their recusals. *Mot. for Recusal, Murphy I* (Docket #40); *Order on Pl.'s for Recusal, Murphy I* (Docket #70); *Order on Mot. for Recusal, Murphy I* (Docket #71); *Second Am. Compl., Murphy I* (Docket #114); *Order of Recusal, Murphy I* (Docket #115). In addition, Ms. Murphy added numerous other defendants, ranging from the Administrative Office of the Courts to Michael Chertoff to the Maine State Bar Association. *Second Am. Compl., Murphy I.* After the case was transferred to Judge Singal, he cautioned her and placed her on notice that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island,* 985 F.2d 32, 35 (1st Cir.1993). *Order on Pending Mots. & Cautionary Notice* at 6, *Murphy I* (Docket #116). Subsequently, Judges Hornby and Singal recused themselves. *Order of Recusal, Murphy I* (Docket #140); *Order of Recusal, Murphy I* (Docket #141).

---

1. In his Recommended Decision, Magistrate Judge Rich described in detail the convoluted litigation history of Ms. Murphy's suits in state court. *Recommended Decision on Mots. to Dismiss Petitions for Writ of Habeas Corpus, Murphy III* (Docket #5), *Murphy IV* (Docket #7) (*Rec. Dec.*).

2. Ms. Murphy was initially charged civilly with a violation of 7 M.R.S.A. § 4011(1)(E), cruelty to animals, and four violations of 12 M.R.S.A. § 7371(3), failure to have a license or permit. *Rec. Dec.* at 3. Later, the civil proceeding was discharged and replaced with a criminal complaint alleging a cruelty to animals violation under 17 M.R.S.A. § 1031. *Id.*

3. On the cruelty to animals count, the judge sentenced Ms. Murphy to a six-month term of incarceration with all but twenty-four hours suspended, followed by one year?s probation, fined her $1,000, ordered restitution of $3,174, and permanently banned her from possessing animals. *Rec. Dec.* at 4. On the failure to have a license charges, the judge imposed a twenty-four hour sentence, to be served concurrently with the cruelty to animals charge, and ordered $10 on each count to the Victims? Compensation Fund. *Id.*

Each district judge in New Hampshire was required to recuse. *Order of Recusal, Murphy I* (Docket # 163); *Order of Recusal, Murphy I* (Docket # 164); *Order of Recusal, Murphy I* (Docket # 165). Ultimately, the case was transferred to Rhode Island, where Judge Lisi dismissed the case on August 22, 2007 after Ms. Murphy refused to participate in a telephone conference with Magistrate Judge Martin. *Mem. and Order, Murphy I* (Docket # 282). Judge Lisi noted that she was "well-familiar with the travel of this case and Plaintiff's history of contumacious conduct." *Id.*

Less than three months after dismissal of her federal case in Rhode Island, Ms. Murphy sued Judge Christine Foster, a state district court judge, for an emergency writ of replevin and an emergency writ of prohibition. Emergency *Writ of Replevin and* Emergency *Writ of Prohibition, Murphy II*. After Judge Hornby issued an order to show cause, Ms. Murphy objected and moved for Judge Hornby's recusal, a motion he characterized as follows: "[t]hat document is frivolous and insulting, threatens to sue me for damages 'in the millions,' and makes clear that she will not pay the full filing fee." *Order of Dismissal, Murphy II* (Docket # 6). Ms. Murphy later filed a notice of intent to sue Judge Hornby. *Notice, Murphy II* (Docket # 11).

Five months later, Ms. Murphy filed two new lawsuits: *Murphy III* and *Murphy IV*. These causes of action were denominated petitions for writs of habeas corpus. *Petition for Writ of Habeas Corpus, Murphy III* (Docket # 1); *Petition for Writ of Habeas Corpus, Murphy IV* (Docket # 1). On July 24, 2008, Magistrate Judge Rich issued a thoughtful, detailed twenty-one page decision, recommending that the petitions for writs of habeas corpus be denied. *Rec. Dec.* On August 4, 2008, Judge Hornby affirmed the recommended decision against Ms. Murphy in each case and judgment issued in favor of the defendants. *Order Adopting Report and Recommended Decision, Murphy III* (Docket # 7); *J. on 2254 Mot., Murphy III* (Docket # 8); *Order Adopting Report and Recommended Decision, Murphy IV* (Docket # 9); *J. on 2254 Mot., Murphy IV* (Docket # 10).

On May 9, 2008, Ms. Murphy filed the first of two lawsuits in the United States Court of Claims. *Compl., Murphy V* (Docket # 1). On May 29, 2008, Judge Bush deemed the complaint to be one of judicial misconduct, and ordered it closed. *Order, Murphy V* (Docket # 6). Undeterred, on January 9, 2009 Ms. Murphy filed another suit in the Court of Claims, this time against each federal judge that has issued a ruling in any of her multitudinous lawsuits: Judges Lisi, Martin, Singal, Woodcock, Kravchuk, Hornby, and Rich along with Jane and John Does as they become known. *Compl., Murphy VI* (Docket # 1). In the lawsuit, she claims that the judges "aided and abetted racketeering and were in conspiracy and collusion with the racketeers to stop Plaintiff from receiving due process of law and to keep Plaintiff from recovering Plaintiff?s legally owned property." *Id.* at iv.

The last three, recently filed civil actions take Ms. Murphy over the edge. *Murphy VII, Murphy VII,* and *Murphy IX* sue a number of state and municipal defendants under 42 U.S.C. § 1983, alleging that in the summer of 2007 certain known and unknown state and municipal officials deprived her of her constitutional rights by removing her animals from her kennels. *Compl., Murphy VI,* (Docket # 1); *Compl., Murphy VII,* (Docket # 1); *Compl., Murphy IX,* (Docket # 1). Ms. Murphy alleges that Governor Baldacci, Attorney General Steven Rowe, and Agricultural Commissioner Seth Bradstreet,

III failed to act to prevent racketeering and criminal behavior by state of Maine employees.

Ms. Murphy has more than had her day in court. In an effort to contest the state's determination that she was cruel to animals and possessed them without a license and has thereby relinquished her right to possess them, she has availed herself both in state and federal court of every imaginable means to challenge the decision. She has lost at every turn. Rather than accept the judgments of her fellow citizens, she has concocted conspiracy theories, made wild allegations against the jurists who have heard her cases, and has caused the state and federal governments to expend untold time and money defending against her meritless claims.

To anticipate Ms. Murphy's inevitable response to this Order, the Court reiterates that even though 28 U.S.C. § 455(b)(5)(i) requires disqualification when a judge is a party to the proceeding, the First Circuit has held that recusal is not mandatory when suit is either threatened or initiated against a judge:

> In order to guard against 'judge-shopping,' 'courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge.' *Andersen v. Roszkowski*, 681 F.Supp. 1284, 1289 (N.D.Ill.1988), *aff'd*, 894 F.2d 1338 (7th Cir.1990) (table); *see also, e.g., United States v. Pryor*, 960 F.2d 1, 3 (1st Cir.1992) (suit against judge separate from case at bar; 'It cannot be that an automatic recusal can be obtained by the simple act of suing the judge.'); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir.1986) ('A judge is not disqualified by a litigant's suit or threatened suit against him'); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir.1977) (same), *cert. denied*, 435 U.S. 954 [98 S.Ct. 1586, 55 L.Ed.2d 806] (1978).

*Tamburro v. City of East Providence*, Nos. 92–1321, 92–1322, 92–1323, 92–1324, 1992 WL 380019, at *1, 1992 U.S.App. LEXIS 32825, at *3–*4 (1st Cir. Dec. 18, 1992) (unpublished). Further, under 28 U.S.C. § 1491, the United States Court of Federal Claims has jurisdiction over claims against the United States only; claims against individuals are subject to dismissal for lack of jurisdiction. *Cottrell v. United States*, 42 Fed.Cl. 144, 148 (1998) (stating that the Court of Federal Claims "does not have jurisdiction over suits against individuals; it only has jurisdiction over suits against the United States"); *Nat'l Cored Forgings Co. v. United States*, 126 Ct.Cl. 250, 115 F.Supp. 469, 473 (1953).

Ms. Murphy has consistently abused her right to access to the courts by repeatedly and unsuccessfully suing the same or similar state and municipal officials and then threatening to sue and suing the federal judges who conclude that her frivolous lawsuits lack merit. This must stop. Despite the fact that Ms. Murphy currently has pending a cause of action against this Judge as well as the other federal judges in the District of Maine, her actions do not deprive the Court of the authority to fashion orders necessary to prevent the profound waste of governmental and private time and expense that these manifestly groundless filings entail.

The Court is cognizant of the First Circuit's teaching in *Cok* that a more generalized injunction against resort to federal court should be avoided. *Cok*, 985 F.2d at 36; *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 217 F.3d 8, 14 (1st Cir. 2000) (stating that "[i]njunctions must be tailored to the specific harm to be prevented"). Here, Ms. Murphy's particular obsession seems to be her irresolvable dispute with the state of Maine and its entities about her possession of animals, and this underlying dispute has in some form

been the gravamen of her multitudinous causes of action. Ms. Murphy has previously been given the "cautionary notice" in compliance with *Cok.*

Accordingly, before any lawsuits by Carol Murphy or Carol Ann Murphy now or formerly of New Sharon, Maine may be docketed in this Court, the Clerk is directed to bring the lawsuit to this Judge's attention. If the lawsuit involves, directly or indirectly, any dispute between Ms. Murphy and state or municipal officials within the state of Maine concerning animals, the Court hereby ENJOINS Ms. Murphy for any similar future filings without prior leave of this Court.

SO ORDERED.