USCA1 Opinion

 

 March 16, 1992 ____________________ No. 90-1295 UNITED STATES, Appellee, v. ARTHUR CARY PRYOR, a/k/a CAMDEN M. PELLER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Conrad K. Cyr, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Aldrich and Bownes, Senior Circuit Judges. _____________________ ____________________ Scott McLarty for appellant. _____________ Margaret D. McGaughey, Assistant United States Attorney, with _______________________ whom Richard S. Cohen, United States Attorney, and Jay P. McCloskey, ________________ _________________ Assistant United States Attorney, were on brief for appellee. ____________________ ____________________ ALDRICH, Senior Circuit Judge. As a result of an ____________________ amended brief, a supplemental brief, and a reply brief, defendant Arthur Cary Pryor, through counsel and individually, has presented some eleven points on appeal, including the defense of insanity. All can be readily disposed of. Defendant was convicted of robbery of a federally insured bank in Blue Hill, Maine, by force and violence and placing a life in jeopardy, 18 U.S.C. 2113(a) and (d), and possession of a sawed-off unregistered shotgun, 26 U.S.C. 5845(a)(4); 5861(d) and 5871. When committing the robbery he was highly made-up, costumed and hatted to emulate "Boy George," an androgynous pop star. Afterwards he distributed largesse to his landlord and, ultimately, drove in a stretch limousine costing $900 to a Cambridge, Massachusetts, hotel, where he rented the presidential suite. Before defendant was apprehended the government obtained warrants to search his apartment in Castine, Maine, and his Cambridge hotel room. He moved, pretrial, to suppress the fruits. The court denied, after a lengthy evidentiary hearing, with a fully persuasive opinion. We need not repeat; there was no error. United States v. ______________ Rutkowski, 877 F.2d 139 (1st Cir. 1989). _________ Before trial the government had performed a psychiatric examination of defendant. 18 U.S.C. 4247(b). -2- Defendant complains that it was delayed beyond the statutory schedule. It does not appear how he was prejudiced. Next, defendant complains that the court did not hold a hearing on his competency to stand trial. 18 U.S.C. 4241(a) requires the court, on defendant's, or on its own motion, to hold a hearing . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Defendant did not move for a hearing; nor did the court hold one of its own accord. We are satisfied that there was no sufficient cause to spark court action. It is not determinative that defendant had had drug problems and psychiatric treatment in the past. Hernandez-Hernandez v. ___________________ United States, 904 F.2d 758, 760-61 (1st Cir. 1990). More to _____________ the point is the fact that the court had seen defendant vigorously, and rationally, participating in his defense at the pretrial proceedings, see Figueroa-Vasquez v. United ___ ________________ ______ States, 718 F.2d 511, 512 (1st Cir. 1983), and had determined ______ that he had the capacity to waive counsel and defend himself. For that hearing the court had a psychiatrist's finding that defendant was "oriented to time, place and person," and that his "judgment and insight, as well as abstract thinking appeared to be intact." The court's finding that defendant -3- was competent to waive counsel, viz., "knowing and intelligent," Faretta v. California, 422 U.S. 806, 835 _______ __________ (1975), more than covered ability to understand and assist properly in his defense. Cf. United States v. Haffen, 726 __ _____________ ______ F.2d 21, 25 (1st Cir.), cert. denied, 466 U.S. 962 (1984). ____________ There was no cause for the court to hold a further hearing. Defendant complains that at trial a witness referred to his having stolen a bed. The court immediately struck the testimony and instructed the jury to disregard it. This was a minor matter, and fully cured. United States v. _____________ Paiva, 892 F.2d 148, 160 (1st Cir. 1989). _____ The same with respect to a witness speaking of defendant's being subjected to a disciplinary hearing as a result of a fight in jail. Here the court, in addition to instructing the jury to disregard the testimony, informed it the next day that defendant had been cleared as having acted in self-defense. (Apparently it was known that he had been in jail.) There was no prejudice. In respect to excluded evidence, defendant complains because the court refused to admit a letter he wrote his counsel at the time of his arrest as indicating his state of mind. As to his state of mind at the time of the offense, it was hearsay. As at the time of the arrest, it was irrelevant. A proffered newspaper article was properly -4- excluded within the court's discretion; indeed we do not see how it was admissible at all. Next, defendant complains of the burden put upon him to prove insanity "by clear and convincing evidence." 18 U.S.C. 17(b). The constitutionality of such a burden is settled. Leland v. Oregon, 343 U.S. 790 (1952); ______ ______ reconsideration refused in Rivera v. Delaware, 429 U.S. 877 ______ ________ (1976). Defendant would circumlocute these cases by saying his offenses require wilful knowledge, which insanity negates. There is, however, no such identity. See United ___ ______ States v. Cameron, 907 F.2d 1051, 1066 (11th Cir. 1990); ______ _______ United States v. Byrd, 834 F.2d 145, 147 (8th Cir. 1987). _____________ ____ Hence defendant's contention of a conflict with the criminal burden of proof as to knowledge, In re Winship, 397 U.S. 358 _____________ (1970), does not exist. Next, defendant would have it that the evidence did not support the jury's finding that he was not insane. Quite apart from the fact that he failed to move for a directed verdict at the close of the evidence, the burden being on him, this claim is specious. But even were the burden on the government, there was ample evidence that defendant knew what he was doing, and "appreciate[d] . . . the wrongfulness of his act." 18 U.S.C. 17(a). Defendant complains that instead of merely instructing the jury that a verdict of insanity requires -5- confinement in a mental institution until found to be sane, as requested by him, the court gave the further detail that the confinement might be for only 40 days. This addition was correct. 18 U.S.C. 4243(c). If, instead of requesting a partial instruction defendant had asked that there be none, we might have a different question. Cf. United States v. __ _____________ Frank, ___ F.2d ___ (9th Cir., February 11, 1992) (1992 U. S. _____ App. Lexis 1512). Defendant contends the judge should have recused himself and not have presided over the sentencing because of bias due to the fact that defendant had brought a civil suit against him. This question was purely for the court's own decision. It cannot be that an automatic recusal can be obtained by the simple act of suing the judge. See Ronwin v. ___ ______ State Bar of Arizona, 686 F.2d 692, 701 (9th Cir. 1982), ______________________ cert. denied, 461 U.S. 938 (1983); cf. In re Union Leader ____________ __ ____________________ Corp., 292 F.2d 381, 389 (1st Cir.), cert. denied, 368 U.S. _____ ____________ 927 (1961). Defendant finally complains of the sentence. This was pre-Guidelines, and it was within statutory limits. We have no right to review except if the court failed to "individualize." United States v. Jiminez-Rivera, 842 F.2d ______________ ______________ 545, 548 (1st Cir.), cert. denied, 487 U.S. 1223 (1988). It ____________ did not fail. Affirmed. ________ -6-