USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1096 UNITED STATES, Appellee, v. JOSE LEBRON, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Coffin and Rosenn,* Senior Circuit Judges. _____________________ _____________________ David A.F. Lewis, by Appointment of the Court, for ___________________ appellant. Jean B. Weld, Assistant United States Attorney, with whom _____________ Paul M. Gagnon, United States Attorney, was on brief for _______________ appellee. ____________________ February 14, 1996 ____________________  ____________________ * Of the Third Circuit, sitting by designation. ROSENN, Circuit Judge. This appeal from a guilty plea ROSENN, Circuit Judge. _____________ and sentence requires that we consider the process due a defendant whose behavior may raise questions concerning his mental competency. I. I. A federal grand jury for the District of New Hampshire indicted Jos Lebr n on ten counts stemming from his two armed robberies of a pawnshop and a bank in Manchester, New Hampshire. His co-defendants, Paul Hazen and Frank Jones, pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. 922(g). The court imposed sentence and neither of them appealed. Lebr n requested counsel under the Criminal Justice Act, 18 U.S.C. 3006A. However, he vehemently objected to his court-appointed counsel and filed several motions with the court requesting new counsel. A magistrate judge denied the motion, finding that Lebr n had not articulated sufficient reasons. The magistrate informed Lebr n that he could either retain his appointed counsel, or proceed pro se.  ___ __ At a hearing on Lebr n's motion for a new court- appointed counsel, the district court found no valid reason to substitute counsel. The court informed Lebr n that he could proceed pro se and that his court-appointed counsel would stand ___ __ by, and take over the case if Lebr n did not conform to courtroom rules. Lebr n lost his temper, and his behavior prompted the marshals to handcuff him before the hearing ended. The court denied his motion for reconsideration. Lebr n then filed a -2- Renewed Motion for Reappointment of Counsel, in which he asserted that there was medication he could take which could "affect his ability to be aware of exactly what is happening around him." On May 10, 1994, Lebr n represented himself during jury selection. Although he initially asked for, and was denied, an interpreter, Lebr n was able to communicate with the jury. Several of his objections to jury members were granted. After jury selection, the court held an ex parte session with Lebr n and his counsel to enable them to air the disagreements between them without compromising the attorney-client privilege. At this session, the judge informed Lebr n that he had done a good job in jury selection, but that he was "not competent to represent himself in the sense he's not aware of fundamental issues that ought to be raised on his behalf." Lebr n concedes that the district court meant this statement to refer to Lebr n's competence as an attorney, not to Lebr n's mental competence. At the same ex parte session, Lebr n's counsel informed the court that Lebr n used to receive prescriptions for thorazine (an antipsychotic) and trazodone (an antidepressant) from the Veteran's Administration hospital, and that he would like to take these drugs during the trial. In response, the judge alerted the Government that Lebr n had a previous psychiatric history. He believed that this might be relevant to the defendant's ability to intelligently waive his right to counsel. The court then held a hearing later that day to determine the issue of Lebr n's competency, and -3- whether Lebr n should be permitted to take his requested drugs during trial. The court took testimony from Dr. Nathan Sidley, the prison psychiatrist. Sidley stated that he had briefly reviewed Lebr n's Veteran's Administration medical records, which revealed a possible diagnosis of schizophrenia in the 1970s. Sidley had attempted to meet with Lebr n, but Lebr n terminated their meeting within the first five minutes, upon learning that their discussion would not be confidential. Sidley concluded that, based on these facts, Lebr n was not psychotic, and was competent to stand trial. He further concluded that any possible benefits from the drugs Lebr n requested were outweighed by the detriments of giving him massive quantities needed without sufficient time for the drugs to build up in his bloodstream. Lebr n then testified that he was using heroin and Valium, and that he had both drugs in his system at the time. Two days later, the district court judge issued an order which continued the trial date, permitted Lebr n's counsel to withdraw, and appointed Paul Twomey as new counsel for Lebr n.  The next day, the Government and Twomey jointly filed a request for a psychiatric evaluation pursuant to 18 U.S.C.  4241, which the court granted. The parties agreed that Dr. Albert Druktenis should perform the evaluation. Druktenis met with Lebr n and evaluated him pursuant to the court's order to determine both Lebr n's sanity at the time of the offense, and his competency to stand trial now. Druktenis concluded that Lebr n was not insane at the time of the offense, and that he was -4- competent to stand trial. He noted that Lebr n's personality was manipulative, but that he was aware of the charges against him, and had been able to speak intelligently, lucidly and logically at court hearings. Druktenis also addressed the issue of Lebr n's current medications, and noted that they "would not cloud his thinking in any substantial way and, in fact, are probably helping him by reducing anxiety and agitation." After the psychiatrist submitted this report, Lebr n withdrew his motion to dismiss based on incompetency, and the parties reached a plea agreement. Under this agreement, Lebr n would plead guilty to two counts of use and carrying of a firearm in violation of 18 U.S.C. 924(c), and the Government would dismiss the remaining eight counts. The court conducted a change of plea hearing on October 3, 1994. Before the judge entered the courtroom for the hearing, Lebr n threw a pitcher of water at the case investigators, narrowly missing one agent. Soon thereafter, the hearing proceeded, with the court stating that it understood there was "no issue at this point with regard to the defendant's competence." Both counsel agreed that Lebr n was competent. Defense counsel then added that he had come to that conclusion himself independently after reviewing the psychiatric report. The court then asked Lebr n if the Government's proffer of the evidence to the charges was correct. At first Lebr n claimed that he could not remember any of the events. On further questioning, he admitted to the conduct. After fully advising -5- Lebr n of the rights he would waive by pleading guilty, the court accepted the plea. The court sentenced Lebr n to imprisonment for 240 months on one count and 60 months on the other, to be served consecutively, three years supervised release with a condition of treatment for his chemical dependency, $500 in restitution, and a $100 special assessment. Lebr n appeals, raising as his sole issue whether the district court denied him due process by not holding a hearing under 18 U.S.C. 4241 to determine his competency when he changed his plea. We affirm. II. II. The conviction of a criminal defendant while he is legally incompetent violates due process. Pate v. Robinson, 383 ____ ________ U.S. 375, 378 (1965). The test for a defendant's mental competency to plead guilty is the same as that of a defendant's competence to stand trial. United States v. Harlan, 480 F.2d _____________ ______ 515, 517 (6th Cir. 1973). That test, as set forth by the Supreme Court, is whether the defendant understands the proceedings against him and has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. Dusky v. United States, 362 U.S. 402 (1960). _____ _____________ To assist courts in making this test, Congress has established certain procedures. Section 4241 of Title 18 of the United States Code provides the relevant reference in matters of a criminal defendant's competency to stand trial. 4241(a) provides in pertinent part: -6- ...[T]he defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. In the present case, no such hearing was held or requested. Lebr n, however, asserts that the district court had reasonable cause to believe that he, Lebr n, was suffering from a mental disease or defect. Therefore, he claims, the court violated his due process rights by not ordering a competency hearing on its own motion. By the language of the statute, a district court judge has a duty to order a competency hearing only if there is "reasonable cause" to doubt the defendant's mental competence. A district court's findings about the competency of a defendant after holding such a hearing will be upheld unless they are clearly erroneous. United States v. Collins, 949 F.2d 921, 927 ______________ _______ (7th Cir. 1991). When there has been no hearing, and no examination of the defendant whatsoever, the appellate court reviews the district court's findings comprehensively. Id. This __ case falls in between these two standards.  Although the trial judge did not order a formal hearing, he carefully and painstakingly sought, commencing with the defendant's initial appearance before him, to ascertain -7- whether there was any question of mental competency and to protect Lebr n's due process rights. To this end, the judge discharged the jury, continued the trial and ordered that the defendant be examined by a psychiatrist. Thus, the court had before it the psychiatrist's report, as well as Lebr n's Veteran's Administration medical records and the testimony of the prison psychiatrist. In addition, defendant's counsel also had concluded that Lebr n was mentally competent to enter a guilty plea. Because the judge had substantial facts before him when he made findings as to defendant's competency, we will give his decision not to hold a competency hearing due deference. Dr. Druktenis, after conducting a two-hour interview with Lebr n, concluded that Lebr n was competent to stand trial. If a psychiatrist has determined that a defendant is competent, a court is not required to hold a further evidentiary hearing absent extenuating circumstances. See United States v. Prewitt, ___ _____________ _______ 553 F.2d 1082, 1086 (7th Cir. 1977). It was well within the district court's discretion to conclude that such circumstances were not present here. Lebr n points to his irrational and outrageous behavior in the courtroom. He claims that this should have alerted the district court judge that Lebr n was incompetent to enter a plea. Lebr n had been handcuffed at the April hearing. Also, at this hearing, he had pleaded to be removed from the courtroom, stating, "I have too much trouble on my mind, your Honor." At the change of plea hearing, Lebr n threw a pitcher full of water -8- at case investigators. Such behavior may be uncontrolled, manipulative, or even theatrical. It is not determinative of competency. Agitated or violent courtroom antics alone do not mandate a finding by the trial court of reasonable cause. United ______ States v. Marshall, 458 F.2d 446, 450 (2d Cir. 1972). In ______ ________ Marshall, the defendant behaved belligerently in the courtroom, ________ shouted obscenities, and threw not only a water pitcher, but also a chair in the courtroom. Two psychiatric reports, however, disclosed that the defendant was competent, and predicted that he would engage in disruptive behavior. The Court of Appeals held that the trial court was within its discretion in failing to hold a competency hearing. Similarly here, two psychiatrists examined Lebr n and found him competent.1  Lebr n further argues that his medical record and history of taking medications should have provided the necessary reasonable cause. However, past treatment or drug use is not determinative of present competency. United States v. Pryor, 960 _____________ _____ F.2d 1 (1st Cir. 1992). Lebr n's Veteran's Administration records were from the 1970s, twenty years ago. Moreover, Dr. Druktenis expressly addressed the issue of the medications Lebr n  ____________________ 1 Lebr n argues that Dr. Sidley's opinion should be discounted because their meeting was inadequate. It is true that Sidley had little contact with Lebr n, and that his review of Lebr n's medical records was cursory. We agree that Dr. Sidley's testimony alone would not have sufficient indicia of reliability to obviate the need for further findings. However, Dr. Druktenis conducted an extended face-to-face examination of Lebr n. -9- was currently taking and noted that they would not cloud his thinking. In summary, although Lebr n occasionally behaved belligerently and has a medical history showing past possible mental illness and past drug use, these are more than counterbalanced by Dr. Druktenis' report of Lebr n's present competence, his counsel's assertion that Lebr n was competent to enter the plea, and the trial court's careful plea colloquy ensuring that Lebr n understood the charges against him, and the consequences of pleading guilty to them. All of these factors pointed unequivocally to the defendant's mental competency. There was no reasonable cause for the trial court to hold a hearing when all the information from the psychiatrist, the defense counsel, and the judge himself were in agreement. See ___ id. United States v. Pryor, 960 F.2d 1, 2 (1st Cir. 1992)(where ___ _____________ _____ district court had an opportunity to observe defendant rationally and vigorously participating in his defense at a pretrial proceeding, and psychiatrist found that defendant was oriented as to time and place, there was no cause for the court to hold a further hearing, under section 4241 despite defendant's history of drug problems and psychiatric treatment).  As this court noted in Hern ndez-Hern ndez v. United ___________________ ______ States, 904 F.2d 758 (1st Cir. 1990), a ruling that this case ______ provides reasonable cause for a hearing would "come close to requiring district courts to order competency hearings sua sponte in every case where a defendant has some history of psychiatric -10- treatment and, even vaguely, mentions the problem." Id., at 760 ___ (quoting Figueroa-V zquez v. United States, 718 F.2d 511, 612 ________________ _____________ (1st Cir. 1983). We decline to impose such a heavy, unnecessary, and costly burden on district courts. III. III. We hold that when a qualified psychiatrist examines a defendant before he enters a plea to criminal charges, and the psychiatric report and other pertinent current information reveal that the defendant is competent to stand trial, it is not reversible error for a district court to fail or refuse to conduct a formal hearing under the provisions of 18 U.S.C.  4241(a). Accordingly, the judgment of conviction and sentence is affirmed. affirmed ________ -11-