USCA1 Opinion

 

 July 5, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1005 ALFRED A. GALLANT, JR., Plaintiff, Appellant, v. CORRECTIONS, ME WARDEN, Defendant, Appellee. ____________________ No. 96-1048 ALFRED A. GALLANT, II, Plaintiff, Appellant, v. GENE CARTER, CHIEF JUDGE, Defendant, Appellee.  _____________________ No. 96-1162 ALFRED A. GALLANT, II, Plaintiff, Appellant, v. DONALD ALEXANDER, JUDGE, Defendant, Appellee.  _____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Alfred A. Gallant on memorandum in support of certificate of ___________________ probable cause and on brief pro se. Gail Fisk Malone, Assistant United States Attorney, on memorandum ________________ in support of motion for summary disposition for appellee Gene Carter. ____________________ ____________________ Per Curiam. In No. 96-1048, plaintiff Alfred Gallant __________ appeals from a court order dated December 20, 1995 denying his motion to proceed in forma pauperis (IFP). As plaintiff _________________ paid the filing fee that same day, his appeal is frivolous. Plaintiff's motions to proceed IFP on appeal are denied, ______ appellee's motion for summary disposition is allowed, and the _______ challenged district court order is summarily affirmed. See ________ ___ Loc. R. 27.1. In No. 96-1162, plaintiff appeals from a judgment dismissing, on the ground of frivolousness, his action under 42 U.S.C. 1983 against the state court judge who presided over his state habeas proceedings. For the reasons recited by the district court in its order dated February 7, 1996, the judgment is summarily affirmed. See Loc. R. 27.1. _________ ___ Plaintiff's motions to proceed IFP on appeal and for appointment of counsel are denied.  ______ In No. 96-1005, plaintiff seeks a certificate of probable cause in order to appeal from the district court's denial of his petition for a writ of habeas corpus. Having reviewed the record in full, we discern only one issue of any conceivable merit: whether plaintiff was improperly denied his Sixth Amendment right of self-representation under Faretta v. California, 422 U.S. 806 (1975). The trial court _______ __________ rejected this claim on the ground that plaintiff's request to proceed pro se had not been "intelligently" made; it noted in ______ -3- this regard that plaintiff was suffering from mental impairments and had disavowed any intention of mounting a defense in order to "protest" what he regarded as a "sham" trial. The Maine Supreme Judicial Court (SJC) affirmed on the ground that plaintiff's request had not been "unequivocally" advanced. See State v. Gallant, 595 A.2d ___ _____ _______ 413, 416 (Me. 1991). As we find that the trial court's rationale is immune from challenge in a federal habeas corpus proceeding, we need not address the grounds relied on by the SJC.  A review of the record makes clear that the trial court, although deeming plaintiff mentally competent to stand trial, considered him mentally incompetent to defend himself effectively. Such a determination runs afoul of Godinez v. _______ Moran, 509 U.S. 389 (1993), where the Court held that the _____ competency standard for waiving the right to counsel is identical to that for standing trial. Yet plaintiff's conviction and sentence had become final prior to issuance of the Godinez decision. And the Godinez holding, we conclude, _______ _______ constitutes a "new rule" that, under Teague v. Lane, 489 U.S. ______ ____ 288 (1989), cannot be applied retroactively by a federal habeas court.  "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's ________ conviction became final." Caspari v. Bohlen, 114 S. Ct. 948, _______ ______ -4- 953 (1994) (quoting Teague, 489 U.S. at 301). "The question ______ is 'whether a state court considering [the defendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution.'" Goeke v. _____ Branch, 115 S. Ct. 1275, 1277 (1995) (per curiam) (quoting ______ Saffle v. Parks, 494 U.S. 484, 488 (1990)).  ______ _____ Here, we cannot say that the state court would have felt compelled, prior to Godinez, to deem the two competency _______ standards equivalent. The Godinez Court itself, after _______ surveying the caselaw, took note of the divergent views that then prevailed. See 509 U.S. at 395 n.5. And this circuit ___ was one of the ones there identified as adhering to the view that the two competency standards might not be identical. See United States v. Campbell, 874 F.2d 838, 846 (1st Cir. ___ _____________ ________ 1989) (observing that "the competency required to stand trial may not always be coterminous with the capacity necessary to proceed pro se") (quoted in part in Godinez, 509 U.S. at 395 ______ _______ n.5); see also United States v. Pryor, 960 F.2d 1, 2 (1st ________ _____________ _____ Cir. 1992) (finding of competency to waive counsel "more than covered" competency to stand trial).  In turn, neither of the "two narrow exceptions to the nonretroactivity principle" applies here. Caspari, 114 S. _______ Ct. at 956. The first pertains to new rules that place certain types of private conduct "beyond the power of the -5- criminal law-making authority to proscribe," Teague, 489 U.S. ______ at 307 (internal quotation omitted); this is inapplicable on its face. The second pertains to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Caspari, 114 S. Ct. at _______ 956 (internal quotations omitted). It is not certain whether Faretta itself would fit into this second category.1 But 1 _______ however this may be, it is apparent to us that the Godinez _______ decision, which simply fine-tunes the competency standard underlying Faretta, is not "such a groundbreaking _______ occurrence," Caspari, 114 S. Ct. at 956, as to trigger the _______ second Teague exception. ______ We have considered plaintiff's remaining allegations and find them even less availing. Accordingly, inasmuch as plaintiff has failed to make a "substantial showing of the denial of a federal right," Barefoot v. Estelle, 463 U.S. ________ _______ 880, 893 (1983), the application for a certificate of probable cause is denied and the appeal is terminated. The ______ __________ motions to proceed on appeal IFP and for appointment of  ____________________ 1 The Sixth Amendment right to self-representation, for 1 all its importance in upholding "the inestimable worth of free choice," Faretta, 422 U.S. at 834, is plainly not _______ designed to enhance the reliability of the truth-finding process; as the Faretta Court noted, "in most criminal _______ prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts," id. Indeed, ___ various courts declined to give retroactive effect to the Faretta decision itself primarily for this reason. See, _______ ___ e.g., Martin v. Wyrick, 568 F.2d 583, 587-88 (8th Cir.), ____ ______ ______ cert. denied, 435 U.S. 975 (1978).  ____________ -6- counsel are denied. The motion for recusal is denied as ______ ______ moot. -7-