CLD-193                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1268
_____

STEVEN JUDE HOFFENBERG,
acting in (7) Seven, TFC, SJH, restitution court ordered
multi Billion dollar SJH Constructive Trust, that must repay state pension funds,
including over 200,000 victims securities at,
TOWERS INVESTORS DOT COM VICTIMS,
Appellant

v.

JUDGE RENEE MARIE BUMB NAMED Defendant, in prospective
injunctive relief, in egregious prejudice against the plaintiff, to favor the following
defendant retaliation cover up, unconstitutional ongoing bivens acts, by DONNA
ZICKEFOOSE; JEFF GRONDOLSKY; RICHARD HERBIK; TARA MORAN; ROBIN
HOOD; MD SULAYMAN; MD JOHN CHUNG, with other unnamed BOP staff all
names in their individual capacities

(Amended pursuant to Clerk's Order dated 3/10/2011)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-04784)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2011

Before:  RENDELL, FUENTES AND SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 9, 2011)
_____

OPINION
_____

PER CURIAM.

Steven Jude Hoffenberg, proceeding pro se and in forma pauperis, appeals the District Court's sua sponte dismissal with prejudice of his fourth amended complaint. The District Court also imposed limitations upon Hoffenberg's right to file future civil actions in the District Court for the District of New Jersey. For the reasons set forth below, we will summarily affirm the dismissal of the fourth amended complaint, but we will vacate the filing restrictions and remand for further proceedings on that issue.

I.

The District Court set forth the background in painstaking detail in its final Memorandum Opinion. See Docket # 60. We will summarize the background as relevant to our consideration of the issues before this Court. Hoffenberg is presently confined at FCI-Fort Dix in New Jersey, where he is serving a twenty-year sentence imposed by the District Court for the Southern District of New York in 1997 following his plea of guilty to conspiracy to violate the securities laws and other offenses. See Hoffenberg v. United States, 436 F. Supp. 2d 609, 611 (S.D.N.Y. 2006). Hoffenberg was also ordered to pay a $1 million fine and approximately $475 million in restitution. Id.

Hoffenberg commenced the present suit by filing a 371-paragraph complaint, along with exhibits, in which he purported to assert claims under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), against four prison officials (Grondolsky, Harbik, Hood, and Dr. Sulayman). The District Court granted leave to proceed in forma pauperis

2

and dismissed the complaint sua sponte for failure to comply with Rules 8, 18 and 20 of the Federal Rules of Civil Procedure. The District Court noted that "[t]he allegations in the Complaint span from access-to-the-courts claims to medical claims, to claims based on Plaintiff's correctional institution's financial responsibility program, to claims based on the alleged obstruction of Plaintiff's calls to – and meetings with – his attorneys[.] Moreover, the Complaint is laden with conclusory statements, and Plaintiff's allegations frequently fail to state any personal involvement of many Defendants[.]" Docket # 2 at ¶ 4. In dismissing with leave to amend, the District Court explained at length the federal pleading requirements, and it directed its Clerk to provide Hoffenberg with a blank civil complaint form to guide his filing of a conforming amended complaint.

Hoffenberg responded by filing motions for "meaningful court access," "declaratory relief," and "to consolidate." The District Court denied these motions, observing that any claim for relief must be raised in an amended complaint, and it extended the time for Hoffenberg to amend. Hoffenberg then filed a purported first amended complaint, which was merely a photocopy of the original complaint with handwritten amendments and notations, including claims against a new defendant (Morgan). Hoffenberg also submitted various motions.

The District Court dismissed the first amended complaint without prejudice, again citing Hoffenberg's failure to plead in compliance with the Rules of Civil Procedure. Assuming that Hoffenberg "simply failed to understand -- rather than consciously elected

3

to ignore -- the Court's prior guidance," Docket #18 at ¶ 9, the District Court directed Hoffenberg to submit a clear and concise second amended complaint.[1]

Hoffenberg filed a second amended complaint consisting of 191 paragraphs, plus exhibits, again purporting to assert <u>Bivens</u> claims. The District Court dismissed the pleading for failure to comply with Rules 8, 18 and 20, finding the document "incomprehensible" and noting that it could not "distill with any degree of clarity the alleged facts in the 100 page complaint."[2] Docket # 23 at ¶¶ 7-8. Rather than face the prospect that Hoffenberg would file yet another non-conforming amendment, the District Court directed him to submit a list of the legal claims that he wished to assert along with a brief description of the factual allegations supporting each claim.

Hoffenberg responded with a 150-paragraph third amended complaint in which he ignored the directive to submit a list of his claims. The District Court dismissed the third amended complaint, again without prejudice, observing that the pleading was "in flagrant

---

1. [1]  In addition, to the extent that Hoffenberg sought to assert a claim that defendants had prevented him from obtaining habeas relief under 28 U.S.C. § 2241 by "obstructing" his exhaustion of administrative remedies by not responding to his grievances, the District Court dismissed that claim with prejudice for failure to state a claim. Further, to the extent that Hoffenberg alleged that defendants had denied his right of access to the courts, the District Court observed that Hoffenberg failed to allege that he suffered any actual injury to support such a claim.

1. [2]  The District Court noted that Hoffenberg arguably presented three claims: (i) denial of access to the courts because he could not present additional paperwork in support of the present case; (ii) denial of access to the courts because, in a medical malpractice suit, a witness or defendant had filed an allegedly fraudulent affidavit; and (iii) denial of his rights because he was moved from the general prison population to solitary confinement for a period of time. The District Court rejected all three claims on the merits for failure to state a cognizable claim for relief.

4

disregard" of its orders, and that Hoffenberg had "submitted a stream of unspecific and unrelated generalities reiterating even the claims expressly dismissed by this Court." Docket # 26 at ¶ 9. The District Court determined that it would, one last time, afford Hoffenberg leave to plead in accordance with the federal rules, and it advised that a non-conforming amendment would result in a dismissal with prejudice.[3] The District Court also warned Hoffenberg that a failure to comply would trigger sanctions.

Hoffenberg responded by filing a motion to disqualify the District Judge, and he appealed the order dismissing the third amended complaint. This Court dismissed the appeal for lack of appellate jurisdiction. See C.A. No. 10-2346. The District Court denied the motion to disqualify and, after the appeal was dismissed, it granted Hoffenberg a lengthy extension of the time in which to amend.

Hoffenberg ultimately filed a fourth amended complaint, but he again set forth 150 paragraphs, and this time he leveled allegations against the District Judge, naming her as a defendant and claiming bias and misconduct based on her prior rulings in the case. He also added two more prison officials as defendants (Zickefoose and Dr. Chung).

The District Court dismissed the fourth amended complaint with prejudice. It explained that, insofar as Hoffenberg sought recusal, there was no basis to question the Court's impartiality. With regard to the purported Bivens claims, the District Court reviewed the fourth amended complaint and observed that Hoffenberg sought to: (i)

---

[3] The District Court also rejected with prejudice (i) any claim against Dr. Sulayman based on allegations of negligence or medical malpractice, and (ii) any claim asserting a denial of his right of access to the courts in the present case.

revive his dismissed claim that he was denied access to the courts; (ii) reassert his claim that he was denied medical care by Dr. Sulayman, and (iii) introduce a claim, which had been dismissed as unexhausted in a prior § 2241 habeas proceeding, that he should be released to home confinement. The District Court again explained why the first two claims fail to state a claim for relief, and it rejected the third claim as improperly asserted in this suit. Observing that the fourth amended complaint "verifies [Hoffenberg's] interest in producing solely the volumes of self-serving patchy tirades against Defendants and analogous volumes of accusations against this Court (expressing nothing but Hoffenberg's displeasure with the Court's substantive and procedural rulings)," Docket # 60 at p.32, the District Court denied further leave to amend the complaint as futile.

In addition, the District Court reviewed Hoffenberg's actions in the present case as well as in two other civil proceedings that he had filed in the District of New Jersey, and it determined that an injunction restricting his right to file suit was warranted. The District Court ordered that Hoffenberg seek leave of the Chief District Judge before initiating any pro se civil action or habeas proceeding, and should the Chief District Judge grant leave to file, Hoffenberg must file a clear and concise pleading in accordance with the terms of the District Court's order. The District Court exempted from its injunction any complaint in which Hoffenberg makes a bona fide claim of an imminent and ongoing danger to his life or health. Hoffenberg timely filed a notice of appeal.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291 because the order dismissing Hoffenberg's fourth amended complaint without leave to amend is a final

6

decision. We exercise plenary review over the sua sponte dismissal of an in forma pauperis complaint. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review for abuse of discretion a decision to impose restrictions upon a plaintiff's right to commence future litigation. Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990).

### a. Dismissal of the fourth amended complaint

We will summarily affirm the dismissal of Hoffenberg's fourth amended complaint with prejudice because his appeal of that aspect of the District Court's order presents "no substantial question." 3d Cir. LAR 27.4 and I.O.P. 10.6. To the extent that certain claims for relief can be gleaned from the language of Hoffenberg's overwrought pleadings, the District Court properly concluded that he failed to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6).

An inmate claiming denial of access to the courts must show actual injury, Lewis v. Casey, 518 U.S. 343, 349 (1996), which generally arises only if a non-frivolous claim was lost due to a defendant's actions. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Despite four opportunities to amend, Hoffenberg nowhere pleaded an actual injury in any litigation, including the present case. Hoffenberg's allegation that his legal papers were confiscated, which somehow allegedly prevented him from filing what he calls the "Devens Medical Prison lawsuit," is insufficient to state a claim for relief.

Hoffenberg's other purported claims fare no better. His assertions of medical malpractice and negligent care on the part of prison doctors are not cognizable in a Bivens action. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) ("[C]laims of negligence or medical malpractice, without some more culpable state of mind, do not

7

constitute 'deliberate indifference.'").  His claim that defendants "obstructed" his effort to obtain § 2241 habeas relief fails.  As the District Court fully explained, the prison officials' alleged failure to respond to Hoffenberg's grievances is immaterial, as Hoffenberg could meet the exhaustion requirement "regardless of whether or not he received any responses from the lower-level administrators."  Docket # 18 at ¶ 12(a).

Hoffenberg's allusion to a claim based on his move from the general prison population to solitary confinement is insufficient.  Hoffenberg makes no allegation suggesting that he was "subjected to confinement that exceeded the sentence[] imposed upon [him] or that otherwise violated the Constitution," Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002), and there is no indication that his transfer imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).  Hoffenberg's claim challenging the denial of his release to home confinement was raised in his prior § 2241 habeas proceeding, and was not properly reasserted in this civil rights suit.  See, e.g., Izzo v. Wiley, 620 F.3d 1257, 1258 (10th Cir. 2010).

Hoffenberg's blanket assertions of "fraud" and "retaliation" by prison officials are insufficient.  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Hoffenberg's pleadings are devoid of allegations to support a finding of facial plausibility on these claims.

8

Finally, Hoffenberg's efforts to seek recusal of the District Judge, and to name her as a defendant to this suit, were properly rejected. Hoffenberg claims bias and misconduct based on his disagreement with the District Court's rulings in this case. "We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal[.]" Securacomm Consulting v. Securacom, 224 F.3d 273, 278 (3d Cir. 2000). Further, courts have recognized that, to guard against "judge-shopping," a district judge is not required to recuse when sued by the plaintiff unless there is a legitimate basis for suing the judge. See, e.g., United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992) ("It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.") (citations omitted). Hoffenberg's baseless decision to name the District Judge as a defendant did not warrant recusal.

As to any remaining claim that Hoffenberg might have sought to assert in this action, the District Court correctly dismissed for failure to comply with federal pleading standards, the requirements of which the District Court repeatedly and patiently explained to Hoffenberg throughout the course of this case. Among other things, Hoffenberg failed to plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Hoffenberg's attempts at pleading were neither short nor plain, and the District Court fairly characterized them as "volumes of self-serving patchy tirades." Hoffenberg's inexplicable failure to plead in conformity with the rules, despite

four chances to amend, supports the denial of further leave to amend. We conclude that the fourth amended complaint was properly dismissed with prejudice.

### b. Order restricting future litigation

Finally, we consider the District Court's decision to restrict Hoffenberg's right to file future suits in the District of New Jersey. We have held that "a continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court." In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982). Courts must remain mindful, however, that "[a]ccess to the courts is a fundamental tenet of our judicial system," and "legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." Id. Significantly for purposes of the present case, we have explained that an injunction against future filings "should not be imposed by a court without prior notice and some occasion to respond." Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987).

The District Court here gave notice to Hoffenberg that his failure to plead in compliance with the Rules of Civil Procedure would result in "sanctions." But the District Court did not afford notice of the particular order that it intended to enter placing restrictions upon Hoffenberg's right to file suit. As a result, Hoffenberg did not have an opportunity to object before the order was entered. As we have explained, "[i]f the circumstances warrant the imposition of an injunction, the District Court *must* give notice to the litigant to show cause why the proposed injunctive relief should not issue. This ensures that the litigant is provided with the opportunity to oppose the court's order before it is instituted." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (citation

10

omitted, emphasis added); see In re Oliver, 682 F.2d at 446 (concluding that a remand was warranted where the district court failed to provide litigant with notice and an opportunity to oppose an order restricting future filings).

Given the absence of proper notice here, we will vacate the injunction imposed and remand so that Hoffenberg can be afforded an opportunity to respond. We express no view on whether Hoffenberg's conduct, in this case or in the others cases cited by the District Court, would support entry of an order restricting his right to file future litigation. That issue is best left to the District Court in the first instance, in the sound exercise of its discretion, after it considers Hoffenberg's objections and weighs them against the record and the need to curtail potentially abusive future litigation.[4]

### III.

For the foregoing reasons, we will affirm the order entered January 14, 2001 (Docket # 61) insofar as the District Court dismissed Hoffenberg's fourth amended complaint with prejudice. We will vacate that order to the extent that the District Court

---

1. [4] We do note that "Hoffenberg has had a history of mental illness dating back to a hospitalization in 1970, which included electro-convulsive therapy, anti-psychotic medications such as thorazine, and the mood stabilizer lithium. He was diagnosed at that time as manic depressive." United States v. Hoffenberg, Nos. 94 Cr. 213 & 95 Cr. 321 (RWS), 1997 U.S. Dist. LEXIS 2394, at *29 (S.D.N.Y. Mar. 4, 1997). There is no record before this Court as to whether Hoffenberg's mental health offers any explanation for his actions in this proceeding, or in the two other proceedings that the District Court cited as evidence of his "abuse of legal process" in the District of New Jersey. We leave it to the District Court to determine whether Hoffenberg's mental health is at all relevant or should have any bearing on whether to restrict his right to file future litigation.

11

imposed restrictions upon Hoffenberg's future filings, and we will remand that issue only for further proceedings consistent with this Opinion.