# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2124

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Andrew Schlegel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: August 2, 2016
Filed: August 8, 2016
[Unpublished]

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Michael Andrew Schlegel, a self-described tax protestor, directly appeals the judgment of the district court[1] upon a jury verdict finding him guilty of conspiracy to

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

defraud the United States, in violation of 18 U.S.C. § 371; attempting to evade or defeat tax, in violation of 26 U.S.C. § 7201; and willful failure to file tax returns, in violation of 26 U.S.C. § 7203.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Before and during trial, the district court admonished Schlegel that his advice-of-counsel defense should be premised on the notion that the United States Tax Code was valid and he was required to comply with it.  The court also noted that it would sustain objections to irrelevant testimony.  For the first time on appeal, Schlegel raises a Sixth Amendment challenge to the limitation on his defense testimony, and the effect of that limitation on his advice-of-counsel defense.  Schlegel did not object to the limitation at trial and he has made no showing on appeal that the district court erred.  *See United States v. Elbert*, 561 F.3d 771, 775 (8th Cir. 2009) (evidentiary ruling is reviewed for abuse of discretion, but when party fails to preserve evidentiary issue, appellate review is for plain error); *cf. Cheek v. United States,* 498 U.S. 192, 205-06 (1991) (describing circumstances where defendant's views on validity of tax code are irrelevant to issue of willfulness, and need not be heard by jury).

Schlegel also argues that the district court exhibited judicial bias during the trial and at sentencing.  He did not seek the judge's recusal or question his impartiality, and he offers no basis for this court to conclude that the judge's impartiality might reasonably have been questioned.  *See United States v. Bowie*, 618 F.3d 802, 816-17 (8th Cir. 2010) (plain error review); 28 U.S.C. § 455(a); *United States v. Prior*, 960 F.2d 1, 3 (1st Cir. 1992).  Schlegel next raises a claim of selective prosecution—a claim that is waived because it is meritless and was not raised before trial.  *See United States v. Huber*, 404 F.3d 1047, 1054-55 (8th Cir. 2005).  This court rejects as frivolous Schlegel's final argument that Congress lacks authority to enact criminal penalties for tax crimes.  *See United States v. Drefke*, 707 F.2d 978, 980-81 (8th Cir. 1983) (per curiam).

The judgment is affirmed.

_____