NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2222
_____

JEAN COULTER,
Appellant

v.

JAMES P. COULTER; SUSAN VERO COULTER; KAREN VERO MORROW;
ROGER MORROW; SARA MORROW; BENJAMIN MORROW;
PAMELA VERO HAMMONDS; STEVEN HAMMONDS; MARY JOANNE VERO
ANDERSON; BRIAN ANDERSON; ABIGAIL ANDERSON; NICHOLAS
ANDERSON; SARA JANE SANZOTTI VERO; S. MICHAEL YEAGER; STEPHANIE
YEAGER SHAFFER; WILLIAM R. SHAFFER; NANCY NATALE; JOSEPH
CAPAROSA; LISA M. HYATT; BARBARA COULTER; JONATHAN W.
VALVANO; RONALD ELLIOTT; DILLON MCCANDLESS KING COULTER AND
GRAHAM; OFFICER HOWARD, of the Police of the City of Butler, PA;
BOB O'NEILL, Chief of Police of the City of Butler, PA; UNKNOWN OFFICER, of the
Bureau of Fire of the City of Butler, PA; UNKNOWN EMPLOYEES
of the Bureau of Fire of the City of Butler, PA; U.S. DISTRICT JUDGE
MARILYN HORAN; JAMES L. COULTER; JOSEPH C. COULTER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01806)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: January 16, 2024)

------------

## OPINION*

------------

PER CURIAM

Jean Coulter, a frequent litigant, claimed a vast conspiracy amongst the defendants to deprive her of her rights. The defendants (her siblings and their families; her neighbors; lawyers, judges, and other court employees involved in state court proceedings relating to her mother's estate; and police and fire department employees who came to her house, seemingly to perform a welfare check), filed, in groups, motions to dismiss her amended complaint for lack of jurisdiction and failure to state a claim.

The District Court granted the motions. In a thorough 53-page opinion, the District Court explained that a small subset of Coulter's claims was outside its jurisdiction and that the rest of Coulter's allegations of violations of federal law failed to state any claim upon which relief can be granted. The District Court also stated that it was declining to exercise jurisdiction over any state law claims. Coulter moved for reconsideration and, claiming that the District Judge was biased, included a request to move her case out of the Third Circuit. The District Court denied the motion. Coulter appeals.[1]

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Twenty-one of the appellees have filed a joint motion, requesting damages pursuant to Rule 38 of the Federal Rules of Appellate Procedure and a filing injunction against Coulter.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over dismissals for lack of jurisdiction, Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000), and for failure to state a claim, Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015).  Upon review, we will affirm, essentially for the reasons provided by the District Court.

Given the District Court's accurate recounting of the allegations in the amended complaint and its careful reasoning, we will simply summarize.  To the extent that Coulter's allegations could be liberally construed to include a challenge to any state court judgment, the District Court lacked jurisdiction pursuant to the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (describing the requirements for applying the Rooker-Feldman doctrine).  And to the (large) extent that the complaint was not barred by the Rooker-Feldman doctrine, Coulter failed to state a claim upon which relief could be granted.

Coulter presented, inter alia, a claim for conspiracy under 42 U.S.C. § 1983. Generally, to state a claim under § 1983, a plaintiff must allege "that she was deprived of a federal constitutional or statutory right by a state actor," Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009), and many of the defendants that Coulter described are not state actors.  While a private actor can act "under color of state law" for purposes of § 1983 by participating in a joint conspiracy with state officials (for example, by acting with the help of, or in concert with, state actors), see Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998), Coulter did not plausibly plead such a conspiracy.  See id. at 148 (describing as insufficient a complaint that "contains conclusory allegations of concerted action but is

3

devoid of facts actually reflecting joint action"). As for the state actors that Coulter named, many of the claims against them were barred by immunities.[2] See, e.g., Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (explaining that judges are not civilly liable for judicial acts); Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002) (explaining that the Eleventh Amendment "render[s] states—and, by extension, state . . . officials when the state is the real party in interest—generally immune from suit by private parties in federal court"). And, in any event, Coulter failed to allege facts in her amended complaint sufficient to state a conspiracy claim because there was no suggestion, beyond speculation, that any of the defendants reached an agreement to deprive her of her right to due process or her rights under any other law.[3][4] See Jutrowski

---

[2] The barred claims include the claims of due process violations for judicial acts that Coulter continues to challenge on appeal.

[3] Accordingly, we need not reach Coulter's argument, pressed on appeal, that the District Court erred in extending quasi-judicial immunity to two court reporter defendants based on the facts of this case. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436–37 (1993) (declining to extend the absolute immunity afforded to judges to court reporters because "court reporters do not exercise the kind of judgment that is protected by the doctrine of judicial immunity"); but see Green v. Maraio, 722 F.2d 1013, 1019 (2d Cir. 1983) (holding that a court reporter was entitled to qualified immunity for allegedly following a judge's instruction to alter a transcript). We further note, however, that, to the extent that Coulter sought to bring an independent claim based on an allegedly missing portion of a transcript of a state court proceeding, she does "not have a constitutional right to a totally accurate transcript," and the purported error in the transcript did not violate her constitutional rights under the facts of this case. Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993)

[4] To the extent that Coulter presented a claim under 42 U.S.C. § 1985(3), similar problems plagued her pleading, as the District Court explained. See also D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (stating that conclusory allegations are not sufficient to state a § 1985(3) claim).

v. Twp. of Riverdale, 904 F.3d 280, 293–95 (3d Cir. 2018); see also Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (explaining that conspiracy claims may not be based "merely upon . . . suspicion and speculation" and also stating that general allegations of conspiracy not based on facts are conclusions of law that are insufficient to state a claim).

We turn to Coulter's remaining arguments on appeal, and we conclude that they are without merit. Among other things, she argues that she was entitled to relief on various state law claims. But the District Court did not abuse its discretion in declining to exercise jurisdiction over those claims once it had dismissed Coulter's federal claims. See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123-24 (3d Cir. 2000).

Coulter also argues at length that the District Judge was biased against her. However, her disagreement with the decisions in her case, see, e.g., Appellant's Informal Brief at 14-15 (citing the dismissal of state actors "without valid reason" and "the *immediate dismissal of all claims*"), is insufficient to show bias. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (noting that "a party's displeasure with legal rulings does not form an adequate basis for recusal"). And we discern no evidence of bias in the record.

Coulter also states that the District Court "refused to even consider" her request that her case be transferred out of the Third Circuit, Appellant's Brief at 4, but that is not true. Although the District Court did not discuss Coulter's argument in favor of transfer, the District Court denied her motion after explicitly considering her request "'to move case out of the Third Circuit.'" ECF No. 69 at 1 (quoting the language of Coulter's motion). Coulter further argues that the District Court erred in denying that motion

5

because transfer was required because one of the defendants, Coulter's neighbor, is a District Judge in the United States District Court for the Western District of Pennsylvania. However, we disagree; no transfer out of this Circuit was (or is) required under the facts of this case.[5] Cf. Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (holding that the presiding federal judge did not have to recuse merely because the litigant had sued her among many other federal judges); United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992) ("It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."). To the extent that she requests that we effectuate the transfer, her request is denied.

For these reasons, we will affirm the District Court's judgment. The motion for Rule 38 damages and a filing injunction is denied. However, we caution Coulter that she could face the imposition of filing restrictions and/or other sanctions, including monetary penalties, in this Court if she brings repetitive and/or meritless challenges related to the proceedings in W.D. Pa. Civ. No. 2:22-cv-01806 or if she otherwise continues to pursue claims that were rejected in that action.

---

[5] To the extent that Coulter also challenges the District Court's denial of her request for reconsideration in that same motion, we conclude that the District Court did not abuse its discretion in denying that request. See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).